# In the United States District Court
# for the Middle District of Pennsylvania

| | |
|---|---|
| EARL L. MILLER, <br>        Plaintiff, <br>   v. <br> UNITED STATES OF AMERICA <br> (Department of Veterans Affairs and Wilkes-Barre VA Medical Center) <br>     and <br> Radhakrishna Murthy, M.D. <br>     and <br> Sandra L. Salko, R.N. <br>     and <br> Eileen M. Walsh, <br>        Defendants. | CIVIL ACTION LAW <br><br> NO. _____ |

## Civil Action Complaint
## Federal Tort Claims Act

Plaintiff, Earl L. Miller, by and through his attorneys, McLaughlin & Lauricella, P.C., files this Complaint against the defendants, United States of America (Department of Veterans Affairs and Wilkes-Barre VA Medical Center), Radhakrishna Murthy, M.D., Nurse Eileen M. Walsh, and Sandra L. Salko, R.N., and alleges and avers as follows:

### Jurisdiction and Venue

1. This Honorable Court is vested with jurisdiction in this matter pursuant to 28 U.S.C. § 1346(b), which vests exclusive subject matter jurisdiction of civil actions on claims against the United States for damages resulting from personal injuries caused by government employees.

2. This Honorable Court is vested with supplemental jurisdiction over the claims against

defendants, Radhakrishna Murthy, M.D., Nurse Eileen M. Walsh, and Sandra L. Salko, R.N., pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Honorable Court because the actions giving rise to this claim occurred in Luzerne County, Pennsylvania, which is in the Middle District of Pennsylvania.

## Parties

4. Plaintiff, Earl L. Miller, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 7505 Behler Road, New Tripoli, Pennsylvania 18066.

5. Defendant, the United States of America, at all times material hereto acted through its agency, the Department of Veteran Affairs, which, at all times material hereto, owned, operated, and controlled the health-care facility known as Wilkes-Barre VA Medical Center ("VA Medical Center"), located at 1111 East End Blvd., Wilkes-Barre, Luzerne County, Pennsylvania, 18702, which employed the negligent healthcare personnel who rendered care and treatment to plaintiff herein, including, but not limited to, defendants, Radhakrishna Murthy, M.D., Nurse Eileen M. Walsh, and Sandra L. Salko, R.N.

## Jurisdictional Prerequisites

6. All conditions precedent required of the plaintiff prior to bringing this action have occurred, or have been met, including all statutory pre-suit notice and investigation requirements of the Federal Tort Claims Act, including 28 U.S.C.A. §§ 2401 and 2675.

7. Plaintiff complied with the pre-suit notification requirements of the Federal Tort Claims Act by filing/hand-delivering an administrative claim for sums certain on the prescribed Standard Form 95, with the above-identified VA Medical Center and the Department of Veterans Affairs, on May 10, 2013, via first-class mail.

8. On January 8, 2014, the Department of Veterans Affairs sent its final denial of the claim, pursuant to 28 U.S.C.A. § 2675. Plaintiff files this action now, within the six-month period

provided for pursuant to the Federal Tort Claims Act.

9. Accordingly, plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencing and prosecuting this litigation.

## Liability of the United States of America

10. Liability of the United States of America is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674, because the personal injuries and resulting damages, which this Complaint describes, were proximately caused by the negligence, wrongful acts, and omissions of employees of the United States of America at the VA Medical Center in Luzerne County, Pennsylvania, while acting within the scope of their office or employment, under circumstances where the United States of America, if it were a private person, would be liable to the plaintiff in the same manner, and to the same extent, as a private individual under the laws of Pennsylvania.

11. The United States of America, Department of Veterans Affairs, in operating the VA Medical Center in Luzerne County, Pennsylvania, holds itself out as exercising that degree of care, skill, and diligence required of a reasonably prudent hospital in treating its patients, and complying with the required medical standards of a reasonably prudent hospital.

12. The agents, servants, and employees (including but not limited to clerical personnel, nurses, residents, physicians, medical students, and assistants) of the VA Medical Center in Luzerne County, Pennsylvania, hold themselves out as exercising the degree of care, skill, and diligence required of reasonably prudent medical personnel, and complying with the required medical standards of reasonably prudent medical personnel.

13. In treating the plaintiff, Earl L. Miller, the United States of America, Department of Veterans Affairs, and the VA Medical Center in Luzerne County, Pennsylvania, by and through its agents, servants, and employees failed to exercise the degree of care required of reasonably

3

prudent medical care providers under the same or similar circumstances and thus its conduct was negligent. Under the laws of the Commonwealth of Pennsylvania, a private person would be liable to the plaintiff for this conduct. In accordance with 28 U.S.C. §1346(b) the United States of America is liable to plaintiff for the damages described below.

14. At all times material hereto, a physician/patient relationship existed between the agents, servants, and employees of the defendant and Mr. Miller.

15. Plaintiff is pursuing a professional liability claim against the United States of America, Radhakrishna Murthy, M.D., Nurse Eileen M. Walsh, and Sandra L. Salko, R.N., defendants herein.

## Employment and Scope

16. At all times material hereto, all persons involved in the medical and health-care services provided to plaintiff at the VA Medical Center, located in Luzerne County, Pennsylvania, were agents, servants, or employees of the Department of Veterans Affairs, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment. The identities of these nurses, residents, physicians, medical students, and assistants are better known to the defendants, and include the following individuals who are identified on the November 26, 2014 Operative Report: (i) Radhakrishna Murthy, M.D., urologist, (ii) Nurse Eileen M. Walsh, and (iii) Sandra L. Salko, R.N.

## Factual Background

17. On November 26, 2012, Earl Miller was admitted to the VA Medical Center to undergo a prostate biopsy.

18. Before the procedure, the medical staff, whose identities are among those referenced in paragraph 16, supra, instructed Mr. Miller to undress himself in the restroom and cover himself in a hospital gown.

19. After Mr. Miller was dressed in a hospital gown, the medical staff, whose identities are among those referenced in paragraph 15, supra, positioned Mr. Miller on an operating table in a left lateral position.

20. Dr. Radhakrishna Murthy performed the biopsy, with assistance from the medical staff, whose identifies are among those referenced in paragraph 16, supra. He completed the procedure at or around 11:05 a.m.

21. After completing the biopsy, Dr. Murthy and the medical staff, whose identities are among those referenced in paragraph 16, supra, failed to instruct Mr. Miller to remain lying flat on the operating table for an appropriate amount of time after the completion of the biopsy.

22. Dr. Murthy and the medical staff, whose identities are among those referenced in paragraph 16, supra, failed to ensure that Mr. Miller remained lying flat on the operating table for an appropriate amount of time after the completion of the biopsy.

23. Dr. Murthy and the medical staff, whose identities are among those referenced in paragraph 16, supra, failed to completely and accurately assess Mr. Miller's physical condition and vital signs after the completion of biopsy.

24. After the completion of the biopsy, Dr. Murthy and the medical staff, whose identities are among those referenced in paragraph 16, supra, permitted Mr. Miller to physically exert himself by allowing him to adjust his body, without physical assistance from the medical staff, from lying flat on the operating table, to sitting upright on the operating table

25. After Mr. Miller placed his body himself into an upright sitting position on the operating table, Dr. Murthy and the medical staff, whose identities are among those referenced in paragraph 16, supra, permitted Mr. Miller to physically exert himself by allowing him to transfer himself, without physical assistance from the medical staff, from the operating table to a standing position on the floor.

26. After Mr. Miller stood upright, Dr. Murthy and the medical staff, whose identities are among those referenced in paragraph 16, supra, permitted Mr. Miller to physically exert himself by directing him to ambulate, without physical assistance or appropriate supervision from the medical staff, to the restroom.

27. While in the restroom, Mr. Miller experienced a vasovagal or some other type of episode. The episode caused him to lose his balance and fall to floor, where he struck his head, fractured his nasal bone, and severely injured his spinal cord. The spinal cord injury caused tetraplegia, which prevented Mr. Miller from being able to lift or move his arms and legs.

28. Dr. Murthy and the medical staff, whose identities are among those referenced in paragraph 16, supra, failed to provide Mr. Miller with appropriate physical assistance after the completion of the biopsy.

29. Furthermore, because Mr. Miller was wedged between the restroom door and the appliances in the restroom, the medical staff gained entry and access to Mr. Miller, only after instructing him to roll his body away from the door.

30. Defendant failed to properly, accurately, and reasonably assess Mr. Miller's physical condition, including his spinal cord injury, before causing him to move his body without assistance from medical personnel.

31. After removing Mr. Miller from the restroom, the medical staff transferred him to Geisinger Medical Center, where he was diagnosed with central cord syndrome, cervical cord compression, and a cord contusion at C4-C7.

32. On November 28, 2014, Dr. John D. Cantando performed an anterior cervical diskectomy; a fusion with an anterior plate and screws extending from C4 to C7; and placement of intervertebral disk spacers at C4-C5, C5-C6, and C6-C7.

33. As a result of the fall, Mr. Miller suffered the following personal injuries, some or all of

6

which are permanent in nature: central cord syndrome; cervical cord compression; spinal cord contusion; burning sensation, pain, and weakness in hands, forearms, and legs; numbness and sensory loss in hands, legs, and feet; gait abnormality with loss of balance, requiring assistive devices with ambulating; comminuted fracture of the nasal bone; disfigurement; scarring; loss of enjoyment of life's pleasures; pain and suffering; and, emotional distress.

34. Had the defendant, and its agents, servants, and employees acted in accordance with the standard of care, Mr. Miller's fall and severe spinal cord injury would have been avoided, and he would have retained full use of his hands and legs, permitting him to continue his employment and earn income.

35. The personal injuries and damages sustained by Mr. Miller were proximately caused by the negligence, carelessness, recklessness, and other tortious conduct, as set forth more fully herein, of the defendant, and its agents, servants, and employees, all of whom were acting within and during the course and scope of their employment and authority.

## Cause of Action

### Count I: Negligence
### Plaintiff v. United States of America, Radhakrishna Murthy, M.D., Eileen M. Walsh, and Sandra L. Salko, R.N.

36. Plaintiff incorporates by reference all of the averments contained in the preceding paragraphs as though fully set forth at length herein.

37. The negligence, carelessness, recklessness, and other tortious conduct of the defendants, and their agents, servants, and employees, and consisted of the following:

    a. Failing to prevent Mr. Miller from physically exerting his body, for an appropriate amount of time, after the completion of the prostate biopsy;

    b. Failing to timely or accurately assess Mr. Miller's

physical condition and vital signs after the completion of the prostate biopsy, and before he physically exerted his body;

c. Failing to timely or accurately assess whether Mr. Miller's physical condition and vital signs were normal, or otherwise stable, relative to his preoperative status, after the completion of the prostate biopsy, and before he physically exerted his body;

d. Failing to advise Mr. Miller that he could experience a vasovagal or other episode by physically exerting himself in attempting to sit upright, ambulating to the restroom, and redressing his person without medical assistance, after the prostate biopsy;

e. Failing to instruct Mr. Miller to lie flat, or place his body in a supine position, for an appropriate amount of time, after the completion of the prostate biopsy;

f. Failing to prevent Mr. Miller from physically exerting his body;

g. Failing to prevent Mr. Miller from physically exerting his body while maneuvering himself into an upright sitting position;

h. Failing to prevent Mr. Miller from physically exerting his body while ambulating to the restroom;

i. Failing to prevent Mr. Miller from physically exerting his body while re-dressing his person;

j. Failing to provide Mr. Miller with physical assistance, from medical staff, while maneuvering himself into an upright sitting position;

k. Failing to provide Mr. Miller with physical assistance, from medical staff, while ambulating to the restroom;

l. Failing to provide Mr. Miller with physical assistance, from medical staff, while re-dressing his person;

8

m. Failing to appreciate the likelihood of experiencing a vasovagal or other episode after a prostate biopsy, and to take appropriate precautions;

n. Failing to appreciate the likelihood of falling as a result of experiencing a vasovagal or other episode after a prostate biopsy;

o. Failing to appreciate the likelihood of falling as a result of experiencing a vasovagal episode after a prostate biopsy, and unreasonably permitting Mr. Miller to sit upright and ambulate to the restroom without assistance from medical staff;

p. Failing to properly, reasonably, and safely examine Mr. Miller's physical status before directing him to move his body without assistance from the medical staff;

q. Failing to properly, reasonably, and safely examine Mr. Miller's spinal cord injury before directing him to move his body without assistance from medical staff;

r. Failing to appreciate the likelihood of a serious injury occurring after a fall, and unreasonably directing Mr. Miller to roll his body over without assistance from the medical staff, and before completely and accurately assessing his physical condition;

s. Failing to appreciate the likelihood of the existence of a serious spinal cord injury as a result of Mr. Miller being unable to move or lift his arms and legs, and unreasonably directing Mr. Miller to roll his body over without assistance from the medical staff, and before completely and accurately assessing his physical condition;

t. Failing to appreciate the unreasonable risk of causing additional severe spinal cord injury, and unreasonably directing Mr. Miller to roll his body over without assistance from the medical staff, and before completely and accurately assessing his physical condition;

9

  u. Failing to formulate and implement appropriate surgical and post-surgical treatment plans, from both physician and nursing perspectives;

  v. Failing to properly monitor and supervise the plaintiff; and,

  w. Such other acts and omissions as will be uncovered during discovery and at trial.

38. The injuries and losses suffered by Mr. Miller, as set forth elsewhere in this Complaint, were a direct and proximate result of the negligence, carelessness, recklessness, and other tortious conduct of the defendants, and their agents, servants, and employees, and were not due to any act or failure to act on his part.

39. The personal injuries and losses sustained by Mr. Miller were caused by the negligence, carelessness, recklessness, and other tortious conduct of the defendants, and their agents, servants, and employees, all of whom were acting within and during the course and scope of their employment, and authority.

40. As a result of the negligent, careless, reckless, and other tortious conduct of the defendants, as described more fully in this Complaint, plaintiff, Earl Miller suffered the following personal injuries, some or all of which are permanent in nature:  central cord syndrome; cervical cord compression; spinal cord contusion; burning sensation, pain, and weakness in hands, forearms, and legs; numbness and sensory loss in hands, legs, and feet; gait abnormality with loss of balance, requiring assistive devices with ambulating; comminuted fracture of the nasal bone; disfigurement; scarring; loss of enjoyment of life's pleasures; pain and suffering; and, emotional distress.

41. As a further result of the negligent, careless, reckless, and tortious conduct of the defendants, and their agents, servants, and employees, as described more fully in this Complaint, Mr. Miller sustained a loss of earnings and/or earning capacity.

42. As a further result of the negligent, careless, reckless, and tortious conduct of the defendants, and their agents, servants, and employees, as described more fully in this Complaint, Mr. Miller has incurred, and will continue to incur, expenses for medical treatment.

WHEREFORE, plaintiff, Earl L. Miller demands damages in his favor and against defendants, in the amount of Five Million Dollars ($5,000,000), an amount in excess of the jurisdictional amount for Arbitration, with lawful interest from the date of the filing of the administrative claim until paid, plus all fees, costs, and such other relief as the Court deems equitable, just and proper.

Respectfully submitted,

McLAUGHLIN & LAURICELLA, P.C.

Dated: July 1 2014

By: /s/ *Paul A. Lauricella*
PAUL A. LAURICELLA, ESQ.
SLADE H. McLAUGHLIN, ESQ.

One Commerce Square
2005 Market Street, Suite 2300
Philadelphia, Pa 19103-7042
P: (215) 568-1510

Attorneys for the Plaintiff,
Earl L. Miller